IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**THOMAS L. VANHEIDEN,**
    Petitioner,

v.                                               Case No. 5:07cv212/RH/MD

**WALTER A. MCNEIL,**[1]
    Respondent.
_____

ORDER and
REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a response seeking dismissal of the petition as time barred, providing relevant portions of the state court record. (Doc. 10). Petitioner has responded in opposition to dismissal. (Doc. 13). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted upon jury verdict of two counts of lewd and lascivious molestation of a child in the Circuit Court of Gulf County, Florida, Case Number 01-243. (Doc. 1, p. 1). He was adjudicated guilty and sentenced to two

---

[1] Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d)(1).

concurrent terms of 7 years imprisonment. His convictions and sentences were affirmed on direct appeal on January 26, 2004, without written opinion. *Vanheiden v. State*, 865 So.2d 487 (Fla. Dist Ct. App. 2004) (Table); *see also* Doc. 1, p. 2.

On March 28, 2005 petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). (Doc. 1, p. 2; Doc. 10, Ex. A). The trial court denied relief, and petitioner appealed. The Florida First District Court of Appeal ("First DCA") affirmed without written opinion on September 9, 2005. *Van Heiden v. State*, 911 So.2d 106 (Fla. Dist. Ct. App. 2005) (Table). The mandate issued October 6, 2005. (Doc. 10, Ex. B).

On July 6, 2005 petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Doc. 1, p. 3; Doc. 10, Ex. C). The motion was denied, and petitioner appealed. The First DCA affirmed without written opinion on June 7, 2007. *Van Heiden v. State*, 958 So.2d 297 (Fla. Dist. Ct. App. 2007) (Table); *see also* Doc. 1, p. 4. The mandate issued June 25, 2007. (Doc. 1, p. 4; Doc. 10, Ex. E). On June 22, 2007 petitioner filed a motion for extension of time to file a motion for rehearing. (Doc. 10, Ex. D). On July 2, 2007 he filed a motion to recall the mandate. (Doc. 10, Ex. E). The First DCA denied both motions on July 18, 2007. (Doc. 10, Ex. F).

Petitioner filed the instant federal habeas petition on August 28, 2007. (Doc. 1, pp. 1, 12).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

Respondent asserts that the statute of limitations began to run on the date petitioner's conviction became final, and that using that trigger, the instant petition is untimely.  Respondent is correct in that if this court finds that subsection (A) controls the commencement of the limitations period, the instant petition is untimely.

The First DCA affirmed petitioner's conviction on January 26, 2004.  Petitioner did not move for re-hearing in the DCA, nor did he seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court.  Accordingly, his judgment of conviction became "final" for purposes of § 2244 on April 26, 2004, when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[2]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770,

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate.  *See* SUP. CT. R. 13.3.  Accordingly, the ninety-day period expired on April 25, 2004, but since that day was a Sunday, the period is deemed to have

Case 5:07-cv-00212-RH-MD   Document 17   Filed 07/07/08   Page 4 of 10

Page 4 of 10

774 (11th Cir. 2002) (for purposes of § 2244(d)(1)(A), the one-year limitation period began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court); *Jackson v. Secretary for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002).

The limitations period ran for 335 days, until petitioner filed his motion to correct illegal sentence on March 28, 2005. That motion was pending (and tolled the limitations period) from March 28, 2005 (the date is was filed) until October 6, 2005 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).[3] There is no dispute that at the time the mandate issued on October 6, 2005, petitioner's Rule 3.850 motion for postconviction relief was pending. Respondent and the court are willing to assume, without deciding, that petitioner's Rule 3.850 motion was pending (and tolled the limitations period) until July 18, 2007 (the date the First DCA issued its order denying petitioner's motion for extension of time and motion to recall the mandate). (Doc. 10, p. 5). With that assumption, the limitations period began to run once more on July 19, 2007, and expired thirty days later on August 20, 2007.[4] As petitioner did not file his federal habeas petition until August 28, 2007, the petition is untimely under § 2244(d)(1)(A).

Petitioner asserts in his reply that subsection (B) or subsection (D) controls the commencement of the limitations period. He first argues that subsection (B) governs because he was close to completing his federal habeas petition on December 21, 2006, but as a result of prison officials' conducting shakedowns between December 21, 2006 and March of 2007, all of his legal materials were destroyed with the exception of a printout of the docket sheet from his criminal case in the Gulf County Circuit Court. Petitioner asserts that this circumstance "impeded" him from filing his petition until August 28, 2007, because he was

---

expired the following business day, April 26, 2004. *See* FED.R.CIV.P. 6(a).

[3]*See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

[4]August 18, 2007 was a Saturday.

"forced" to rely on the docket sheet to determine when his conviction became final, and he interpreted the docket entry dated February 12, 2004 indicating "DCA Opinion and Mandate - Per Curium Affirmed" to mean that the First DCA's decision affirming his conviction had <u>issued</u> on February 12, 2004.  It was not until petitioner read respondent's response indicating that the decision issued on January 26, 2004 that petitioner realized he had been "misled" by the Gulf County Circuit Court Clerk. (Doc. 13, pp. 2-3, 5-6, 7-11 and  Ex. A).

Petitioner's argument should be rejected for a number of reasons.  First, assuming without deciding that the destruction of petitioner's legal work constitutes an "impediment" under subsection (B), petitioner's own allegations indicate that his untimely filing was not the result of that "impediment."  It was the result of his own actions - his misinterpretation of the docket entry.  The Circuit Court docket sheet was not misleading.  It did not indicate that the DCA's decision issued on February 12, 2004.  It indicated that the DCA opinion and mandate were filed in the Circuit Court on February 12, 2004.  (Doc. 13, Ex. A, p. 2).  The docket entry was made without delay - just one day after the February 11, 2004 mandate issued.

Furthermore, petitioner acknowledges that the shakedowns ceased in March of 2007, some four months before the limitations period expired, and he alleges no facts to suggest that State action impeded him from timely filing his petition during those remaining four months. Although petitioner states that he was "forced" to rely on the docket sheet, (doc. 13, p. 5), he neither claims, nor alleges facts to suggest that during the four months after the shakedowns ceased, he was impeded by State action from contacting the First DCA to determine the date it issued its opinion in his direct appeal.

Finally, and most significantly, petitioner's assertion that he was "misled" is belied by his petition.  When petitioner filed his petition on August 28, 2007, he unequivocally stated on the form that the First DCA had issued its opinion affirming his conviction on January 26, 2004, not February 12, 2004.  (Doc. 1, p. 2).  Based on the foregoing, petitioner's argument that subsection (B) governs the commencement of the limitations period should be rejected.

**Petitioner alternatively argues that he has "newly discovered evidence" that his conviction did not become "final" on January 26, 2004, but on February 11, 2004. (Doc. 13, pp. 12-13). Specifically, petitioner states that upon receiving respondent's answer requesting dismissal, he had a family member obtain a copy of the First DCA's opinion on direct appeal. (Doc. 13, p. 13, Ex. D). Upon receiving this copy, petitioner discovered that the opinion expressly states, "Not final until time expires to file motion for rehearing." (*Id.*). Thus, petitioner states that because he had fifteen days under Florida Rule of Appellate Procedure 9.330(a) in which to file for rehearing, plus an additional day under Florida Rule of Appellate Procedure 9.420(f), his conviction did not become final until February 11, 2004, the date the mandate issued, and the ninety-day period for seeking certiorari review began to run on <u>that</u> date. (Doc. 13, p. 13). This argument is completely without merit. First, the "factual predicate" referenced in § 2244(d)(1)(D) relates to the discovery of facts forming of the basis of a claim raised in the federal habeas petition. The "fact" at issue here, the notation at the bottom of the First DCA's opinion, does not provide a factual predicate to any of the claims petitioner raises in his petition. Second, the "fact" could have been, and was discovered much earlier, because petitioner admits that he previously had a copy of the opinion prior to his legal materials being destroyed.**

**Regardless, the notation on the First DCA's opinion does not provide new evidence concerning the date petitioner's judgment of conviction became final. Petitioner admits that he did not file a motion for rehearing in his direct appeal. (Doc. 1, p. 2 ¶ 9(d)). It is well-settled that if a motion for rehearing is not filed, the ninety-day period in which to seek certiorari review in the United States Supreme Court runs from <u>the date of entry of the state court's order</u>, in this case, January 26, 2004. Sup. Ct. R. 13.3.[5]**

---

[5]**Rule 13.3 provides:**

**The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. . . . But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted,**

**Because neither subsection (B) nor (D) applies, and because petitioner has not asserted that he bases his claims on a right newly recognized by the United States Supreme Court, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.** *See* 28 U.S.C. § 2244(d)(1)(A). **As set forth above, when calculated using subsection (A) as the trigger, the petition is untimely.**

The only remaining issue for this court to decide is whether there is a basis for excusing petitioner's untimeliness. Petitioner asserts that he is entitled to equitable tolling based on the circumstance discussed above (the shakedowns and destruction of his legal materials with the exception of the docket sheet).

The Supreme Court of the United States has not squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1814 n. 8, 161 L.Ed.2d 669 (2005); *Lawrence Florida*, — U.S. —, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). However, because it is well-established in this Circuit that equitable tolling applies, *see Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004), and because petitioner is not entitled to equitable tolling under any standard, the undersigned assumes without deciding its availability for purposes of this case.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Secretary for Dep't of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Drew v. Dep't of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* at 1286.

---

the subsequent entry of judgment.

In *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000), a § 2255 habeas movant asserted he was entitled to equitable tolling because (1) he was subjected to lockdowns in jail for several months during which he could not access the law library, and (2) prison officials misplaced his legal materials for a period of time. *Id*. at 1089-90. The Eleventh Circuit noted that the prisoner had plenty of time to file his motion when these impediments did <u>not</u> exist, and declined to apply equitable tolling. *Id.* at 1090. In *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004), the § 2255 habeas movant asserted entitlement to equitable tolling because he was transferred to a different institution and was without his legal papers for over ten months. *Id.* at 1282-83. The Eleventh Circuit stated, "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd* at 1283. The court in *Dodd* found that the habeas movant's circumstances were not extraordinary, where he did not contend that his detention was unconstitutional, inappropriate, or outside of routine practice. *Id.*

In the instant case, petitioner asserts that he is entitled to equitable tolling for the four months (December of 2006 through March of 2007) that he and other inmates were subjected to shakedowns. According to petitioner, the shakedowns, as well as the "conditions of confinement and reality of the prison system" constitute "extraordinary circumstances" that were beyond his control and unavoidable with diligence. (Doc. 13, pp. 3-5, 7-8). However, petitioner's allegations do not show that these shakedowns were anything other than routine. Even assuming that the destruction of petitioner's legal materials constitutes an extraordinary circumstance, petitioner fails to allege how this prevented him from timely filing his petition by August 20, 2007 instead of August 28, 2007. He does not identify any extraordinary circumstance occurring in the four months remaining on his limitations period (April 2007 through July 2007).[6] That period provided ample

---

[6]Although petitioner asserts that from February 9 through February 12, 2007, "there was absolutely no inmate movement, confined to individual cells, under intimidation of over a hundred prison guns and the presence of trained snipers with special firearms dressed in black uniforms," (doc. 13, p. 3), that short period is subsumed within the four-month "shakedown" period. Therefore,

time to re-draft and file his petition. Further, petitioner admits that in April of 2007, a trained inmate law clerk began assisting him in re-writing his petition. (Doc. 13, p. 9). The Gulf County Circuit Court docket sheet did not mislead petitioner or otherwise prevent him from timely filing.[7] All in all, petitioner simply has not met his burden of establishing entitlement to equitable tolling. *See, e.g., Paulcin v. McDonough*, 259 Fed. Appx. 211 (11th Cir. Dec. 13, 2007) (holding that inmate's transfer to county jail and denial of access to his legal papers and a law library did not constitute extraordinary circumstances tolling the limitations period, despite his contentions that he could not file his petition without access to those legal materials and that he exercised diligence in attempting to obtain them; "Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding.").

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. The record does not support the application of the equitable tolling doctrine or any other exception to the limitations period.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) challenging the convictions and sentences in *State of Florida v. Thomas L. Vanheiden*, in the Circuit

---

it need not be separately addressed.

[7]And, as discussed above, the record demonstrates that it was petitioner's own error in determining when his conviction became final that caused his untimely filing. The state circuit court did not mislead petitioner. Moreover, petitioner's own statements on the petition form (that the First DCA issued its decision affirming his conviction on January 26, 2004) belie his feigned ignorance of that critical date.

Court of Gulf County, Florida, case number 01-243, be DISMISSED WITH PREJUDICE.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of July, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**